[No. 16568.  Department One.  January 20, 1922.]

## FRANK L. BAKER et al., Appellants, v. CENTRAL METHODIST CHURCH OF SPOKANE, Respondent.[1]

CONTRACTS (12)—TERMS AND CONDITIONS—EVIDENCE OF AGREEMENT. Under a contract between an architect and a church building committee whereby he was to be compensated by a commission of one per cent on the estimated cost of a proposed building for his services in helping to select a plan, in case such plan was accepted, the architect is not entitled to compensation for his services where no plan was accepted and the failure to accept a plan is not shown to be arbitrary.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered February 14, 1921, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*O. C. Moore,* for appellants.

*Lee & Kimball,* for respondent.

TOLMAN, J.—Appellants, as plaintiffs below, brought this action to recover $1,350, as agreed compensation for services rendered, as architects, at the instance and request of the defendant, respondent here. From a judgment denying recovery, they appeal.

[1]Reported in 203 Pac. 977.

It appears that Mr. Vogel, a member of the appellants' firm, learning of respondent's desire or intention to construct a church edifice, visited Spokane, in January, 1920, and met the respondent's building committee. He, and he alone, testifies that he proposed to prepare preliminary sketches, and advise the building committee, for a compensation of one per cent of the estimated minimum cost of the proposed building, such compensation to be payable upon the performance of the services indicated, without reference to whether or not the sketches submitted were accepted. While, upon the other hand, the members of the building committee, some half a dozen or more in number, each testifies that it was clearly understood and agreed that appellants were to be paid the one per cent as compensation only in the event that some one of the sketches submitted was accepted.

Thereafter, on January 26, 1920, the matter having been reported by the building committee to respondent's board of trustees, the latter board made and adopted the following resolution:

"A meeting of the Trustees of the Central M. E. Church was held in the Crescent Tea Room, Monday, at 12 M., on January 26th, 1920, Mr. D. S. Prescott presiding.

"Those present were: Geo. H. Goble, W. H. Matthews, S. Heath, D. S. Prescott, W. S. McCrea and J. H. Ewen.

"The meeting was called upon the request of the Special Committee appointed by the Official Board having in charge the future plans of Sunday School and Church, to consider the advisability of employing an architect to meet with the committee and aid them in coming to definite conclusions for a future program.

"Upon motion of Mr. Goble, seconded by Mr. Heath, that the President and Secretary be authorized to enter into a written contract with Baker & Vogel, arch-

itects, employing them to assist the committee appointed, the remuneration to be one per cent on the estimated cost of accepted sketches and four per cent for supervision as the work progressed, which motion was unanimously carried.

"There being no further business, the meeting adjourned. (Signed) J. H. Ewen,

"January 26, 1920. Secretary."

Thereafter the clerk of the board of trustees wrote to appellants as follows:

"Spokane, Wash., January 31, 1920.

"Mr. J. H. Vogel,
"Care Baker & Vogel,
"516 Pacific Blk.,
"Seattle, Washington.

"Dear Sir:

"Last Monday, the Trustees met and authorized the Committee to employ you upon the terms and conditions you offered to the committee.

"There is one item that the Trustees want definitely understood, and that is that the one per cent covering the acceptance (accepted) sketches shall constitute remuneration in full, optional with them, as to the balance of your contract. For example, should you prepare sketches that would be accepted on a contract of $100,000, and one unit of $25,000 to be constructed at this time, should they find in working with you that they would prefer someone else to supervise the work, that they could do so.

"Kindly forward your contract for our signature so that we may proceed at once with the work. . . .

"(Signed) J. H. Ewen."

To which appellants replied as follows:

"Baker & Vogel
"Architects. Seattle, Wash., Feb. 2, 1920.

"Mr. J. H. Ewen,
"Arthur D. Jones Bldg.,
"Spokane, Wash.

"Dear Mr. Ewen:

"Your letter of January 31st received. . . . Your letter constitutes a contract as it stipulates that the

Trustees have voted to employ us upon the terms and conditions we offered to the committee when we were in Spokane, namely to prepare preliminary studies of your proposed building for a fee of 1% of the estimated cost.

"We are therefore hastening to prepare these preliminary studies and hope to be in Spokane within a few days to present same. We have been working on them for several days as we expected to receive this word from you.

"As to the question of general working drawings and specifications and also the question of supervision, we will take that up when we are in Spokane. We will hand you at that time a contract covering the points enumerated in your letter. We agree that it is all right for the Board of Trustees to employ some one else to supervise the construction of each unit as it is built, if they so desire. . . .

"(Signed) Baker & Vogel, Archts.,
"By Joshua H. Vogel."

It will be seen that the question here presented is one of fact only, namely, what were the terms and conditions offered by Mr. Vogel, of the appellant copartnership, when he met with the building committee personally in Spokane.

The Ewen letter of January 31 clearly indicates that the compensation was to be paid upon accepted sketches only. The letter in answer, while silent as to the acceptance of the sketches as a condition, indicates no exception to that position, and by the statement, in effect, that the Ewen letter constitutes a contract, upon the terms and conditions theretofore offered, clearly relegates the whole matter to what occurred between Mr. Vogel and the building committee.

The trial court found upon the testimony of six or more against one, that:

"One of the above named plaintiffs met with the special building committee of the above named defend-

ant and discussed with said building committee the matter of furnishing plans and specifications for a new church building of the above named defendant, and at that meeting said plaintiffs proposed that they would submit certain plans and sketches and present them to the defendant and that in case any of said plans and sketches were accepted that the plaintiffs were to receive as compensation therefor, one percent on the estimated cost of the proposed building or structure according to the special plans or sketches accepted, and that in case no plans or sketches were accepted no compensation would be due to the plaintiffs.''

The evidence being overwhelming in favor of the finding of the trial court, we cannot disturb it if we would, and being satisfied that it speaks the truth, we would not disturb it if we could. It appearing, without dispute, that no sketch or plan submitted by appellants was ever accepted by respondent, and it not appearing that the failure to accept was arbitrary, the judgment of the trial court must be, and is, affirmed.

PARKER, C. J., BRIDGES, and MITCHELL, JJ., concur.

FULLERTON, J., concurs in the result.